UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHAEL B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5897-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1982, has a 10th-grade education and training as a nursing assistant, and has worked as a car wash attendant, in-home caregiver, certified nursing assistant, food service worker, and Amazon delivery driver. AR 55, 77, 341-42. Plaintiff was last gainfully employed in January 2020. AR 81.

In February 2019, Plaintiff applied for benefits, alleging disability as of January 9, 2019. AR 56, 269-88. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 193-201, 205-20. After the ALJ conducted a hearing in January 2020 (AR 45-117), the ALJ issued a decision finding Plaintiff not disabled. AR 26-38.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: benign brain tumor (glioma), headaches, schizoaffective disorder, generalized anxiety disorder, and bipolar disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels, with the following nonexertional limitations: she can tolerate occasional exposure to hazards, such as unprotected heights or moving machinery. She can occasionally drive commercially. She can understand, remember, and apply detailed but not complex instructions and perform predictable tasks. She cannot work in a fast-paced production-type environment. She can tolerate exposure to occasional workplace changes and have occasional interaction with the general public.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 26-38.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in (1) assessing her brain tumor at steps two and three; (2) assessing her pseudoseizures at step two; (3) assessing the medical opinion evidence; (4) discounting Plaintiff's subjective testimony and failing to discuss lay evidence; and (5) failing to further develop the record and/or hold the record open to permit submission of additional

evidence. Dkt. 23 at 1-2. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Erred at Steps Two and Three

Plaintiff argues that the ALJ mischaracterized her brain tumor, which led to error at steps two and three, and erred in finding that her pseudoseizures had never been diagnosed and were therefore not medically determinable. The Court will address each condition in turn.

#### 1.     Legal Standards

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show her medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"

*Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).  A mere diagnosis does not suffice to establish disability.  *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'"  *Id*. at 1549-50 (quoting 20 C.F.R. § 404.1525(d); emphasis added in *Key*).  To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).  "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.926 (a).

        2.      Brain Tumor

As noted above, the ALJ listed Plaintiff's brain tumor (glioma) as a severe impairment at step two, and characterized it as "benign."[3]  AR 29.  The Commissioner essentially concedes that the ALJ erred in describing Plaintiff's tumor as benign, when it was in fact a malignant low-grade tumor, but argues that this error was harmless because Plaintiff has not shown that the ALJ's mischaracterization led to prejudice.  Dkt. 24 at 6.

But one result of the ALJ's characterization error occurred at step three: the ALJ assessed whether Plaintiff's tumor met the listing applicable to benign tumors, rather than the listing applicable to malignant tumors.  *See* AR 30 (addressing whether Plaintiff's tumor met or equaled Listing 11.05).  According to Plaintiff, the ALJ should have instead considered whether she met or equaled Listing 13.02 or Listing 13.13.  *See* Dkt. 23 at 4.

The State agency physicians considered those listings, however, and found that Plaintiff did not meet or equal either of them, although they did not provide any explanation to support

---

[3] Thus, Plaintiff's repeated assertion that the ALJ found her tumor to be non-severe (and/or not medically determinable) is inaccurate.  Dkt. 23 at 1, 4, 8, 13.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

the conclusion, nor did they have access to the entire record before the ALJ, including updated imaging of the tumor. *See* AR 162-63, 166, 181, 184. Plaintiff argued to the ALJ that her tumor met Listing 13.02 and/or 13.13 (AR 428-29), and she renews that argument here. Dkt. 23 at 3-4.

Plaintiff presented at least a plausible theory to the ALJ of how her tumor meets a listing. *See* AR 429 (indicating that Plaintiff's tumor, a glioblastoma, is one of the diagnoses referenced in Listing 13.13, which provides that certain diagnoses *per se* meet the listing); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 13.00(K)(6), 13.13. The ALJ should have addressed this listing in the decision. *Cf. Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005) (finding no step-three error when plaintiff pointed to no evidence indicating that she met or equaled any particular listing). On remand,[4] the ALJ shall reconsider Plaintiff's brain tumor at steps two and three and explicitly address whether Plaintiff meets or equals Listing 13.02 and/or 13.13.

3.      *Pseudoseizures*

Plaintiff argues that the ALJ erred in finding that she had not been diagnosed with pseudoseizures, pointing to evidence that a treating physician "ratified" such a "diagnosis from neurology[.]" Dkt. 23 at 10 (citing AR 659). When the cited treatment note is read in its entirety, however, it becomes clear that the doctor did not diagnose pseudoseizures, but recommended that Plaintiff decrease a medication in order to determine if seizures would occur, and if so, the seizures may be caused by her brain tumor. *See* AR 660. The doctor "[e]mphasized the importance of diagnosing seizure versus Pseudoseizures[,]" which suggests

---

[4] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 23 at 2, 13; Dkt. 25 at 8), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). The Court finds that further proceedings would serve the useful purpose of allowing the ALJ to consider Listings 13.02 and/or 13.13 for the first time. Thus, the Court orders that this case be remanded for further administrative proceedings.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

that the doctor had not reached a firm diagnosis at that point. *Id*. The only seizure-related diagnosis listed in this treatment note is "seizures," not "pseudoseizures." *Id*.

In any event, the ALJ also addressed Plaintiff's seizures in another section of the step-two findings, indicating that because Plaintiff's seizures were controlled by medication, they were not severe. *See* AR 29. Plaintiff does not challenge this line of reasoning or otherwise show that her seizures (from whatever origin) were severe even with medication, and thus has failed to show harmful step-two error related to the ALJ's assessment of Plaintiff's seizures.

**B.     The ALJ Did Not Err in Assessing Medical Opinion Evidence**

The ALJ summarized February 2019 and January 2020 opinions written by treating physician Rachelle Guinto, M.D., and found them unpersuasive because they were inconsistent with and unsupported by the objective medical evidence and Plaintiff's demonstrated functioning. AR 35-36 (citing AR 589, 1015-23, 1025). Plaintiff argues that these findings are erroneous.

*1.     Legal Standards*

In assessing Plaintiff's 2019 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 24 at 9-11. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017

regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

          2.        *Dr. Guinto's Opinions*

Plaintiff argues that the ALJ erred in finding that Dr. Guinto's opinions were not supported by objective evidence, because it is unreasonable to require a physician to observe a symptom such as a seizure or a panic attack before opining as to the limitations caused by that symptom. Dkt. 23 at 5-6.

Plaintiff's argument fails to account for the entirety of the ALJ's analysis of Dr. Guinto's opinions, however. The ALJ cited mental status examination findings showing Plaintiff to be alert, oriented, calm, cooperative, and appropriately dressed and groomed; with congruent mood and affect, and appropriate insight and judgment; and intact memory, concentration, and attention. AR 35 (citing AR 553, 603, 757, 777, 779, 781, 786, 788, 791, 793, 795, 933, 992, 994, 996, 1002, 1011). This evidence is reasonably inconsistent with Dr. Guinto's opinions describing several disabling mental cognitive and social limitations, and provides a sufficient basis to find Dr. Guinto's opinions unpersuasive. *See Tommasetti v. Astrue*, 533 F.3d 1035,

1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Furthermore, the ALJ also cited Plaintiff's functioning as inconsistent with Dr. Guinto's opinions, specifically Plaintiff's ability to handle personal care, cook, clean, do laundry, drive, shop, and care for four pets. AR 36 (citing AR 71-72, 77-78, 88-91, 361, 363). Plaintiff does not reference let alone challenge this portion of the ALJ's reasoning, and it constitutes another basis supported by substantial evidence for finding Dr. Guinto's opinions unpersuasive. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Because the ALJ explained why he found Dr. Guinto's opinions to be inconsistent with and unsupported by other evidence in the record, and that reasoning is supported by substantial evidence, the Court affirms the ALJ's assessment of Dr. Guinto's opinions.

      C.      **The ALJ Should Reconsider Plaintiff's Mental Allegations on Remand**

The ALJ discounted Plaintiff's subjective testimony because (1) her physical findings are only mild, (2) her mental findings "were essentially normal", and (3) her activities are consistent with an ability to "perform a full range of physical exertion." AR 32-34. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's subjective testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff raises several challenges to the ALJ's assessment of her testimony, which the Court will consider in turn.

            1.    *Physical Findings*

The ALJ found that the treatment record failed to establish the existence of disabling physical limitations, and instead showed "mild physical findings." AR 32.

In challenging the ALJ's interpretation of the medical record, Plaintiff states that there is no medical opinion to support the ALJ's conclusion that Plaintiff has no exertional limitations. Dkt. 23 at 9. Even if this were true,[5] it would not necessarily show error in the ALJ's RFC assessment or interpretation of the medical record. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (holding that an RFC finding need not directly correspond to a specific medical opinion). The ALJ is tasked with "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Furthermore, even if Plaintiff had been limited to medium work, as indicated by the State agency consultants (AR 128-30, 145-46, 164-66, 182-84), such a limitation would have been consistent with the medium and light jobs identified by the ALJ at step five. *See* AR 37. Thus, Plaintiff has not established harmful error in this line of the ALJ's reasoning.

### 2.   Activities

The ALJ found that Plaintiff's activities are "consistent with the ability to perform a full range of physical exertion," citing Plaintiff's ability to care for pets, drive, prepare meals, complete household chores, shop, work in the garden, attend church, socialize, and play games with others. AR 34. The ALJ did not attempt to explain how these activities demonstrate the existence of transferable work skills, and thus the ALJ's activities finding is appropriate only if it pertains to an inconsistency with Plaintiff's allegations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

---

[5] Dr. Guinto left blank the sections of an opinion addressing exertional limitations. *See* AR 1016-17. Dr. Guinto also failed to reference any exertional limitations when describing why Plaintiff could not work for six months. *See* AR 1025. This evidence supports the ALJ's finding that Plaintiff does not have any exertional limitations.

Earlier in the decision, the ALJ noted that Plaintiff alleged various physical limitations. *See* AR 32.  Some of the activities the ALJ listed (such as preparing meals, completing household chores, driving, gardening) reasonably contradict some of these allegations, such as problems using hands, sitting, bending, and reaching.  Thus, Plaintiff has not shown that the ALJ erred in finding that Plaintiff's activities were inconsistent with her alleged physical limitations.

        3.        *Psychological Findings*

Plaintiff disputes that the record demonstrates normal psychological findings, as the ALJ found, pointing to evidence of her schizoaffective disorder and her regimen of anti-psychotic medication.  Dkt. 23 at 6-7.

The ALJ found that Plaintiff has schizoaffective disorder (AR 29), and also referenced Plaintiff's treatment regimen of therapy and medication (AR 33-34).  The ALJ also went on to cite Plaintiff's abnormal psychological findings, such as visual and auditory hallucinations, obsessions, and delusions, as well as complaints of worsening anxiety/depression symptoms and "spacing out".  AR 34 (citing AR 932, 958, 1008); *see also* AR 605 (anxiety-related shaking), 744 (panic attack), 791 (auditory hallucinations), 810 (worsening panic attacks), 1025-27 (panic attacks and auditory hallucinations).

Despite the ALJ's explicit discussion of some of these abnormal findings, the ALJ concluded that Plaintiff's "[p]sychological findings were essentially normal, and counseling records show that the claimant is stable."  AR 32.  This characterization of the record is not entirely accurate as to the record as a whole, and thus does not convincingly explain why the ALJ found the record to be inconsistent with Plaintiff's complaints.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 11

Although the ALJ's reasoning as to Plaintiff's physical allegations is legally sufficient, because this case must be remanded on other grounds, the ALJ should reconsider Plaintiff's allegations of mental limitations on remand.

### D. The ALJ Should Address Lay Statements on Remand

The record contains several lay statements from Plaintiff's friends, family, and co-workers. *See* AR 322-37, 352-56, 368-75, 427, 460. The ALJ did not discuss any of these statements in the decision, but in the Ninth Circuit, an ALJ must provide germane reasons to discount lay statements. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). If a lay witness's testimony is similar to other properly discounted evidence, an ALJ's failure to discuss a lay statement can be harmless. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

The Commissioner contends that the ALJ's error in failing to discuss the lay statements was harmless because the lay witnesses did not describe any limitations that the ALJ did not already discuss in the decision when addressing Plaintiff's testimony. Dkt. 24 at 12-13. Even if this error could be harmless, because this case must be remanded on other grounds, the ALJ should address the lay statements on remand and either credit them or provide legally sufficient reasons to discount them.

### E. The Court Need Not Address the ALJ's Development of the Record

Plaintiff requested additional time to secure evidence after the administrative hearing, and the ALJ agreed to hold the record open for a "couple of weeks." AR 117. Thereafter, Plaintiff

ORDER REVERSING THE COMMISSIONER'S
DECISION - 12

requested and extension of 30 additional days to secure certain evidence. AR 433-34. Plaintiff was granted a 10-day extension, and on the tenth day, requested 30 additional days. AR 463-64. The ALJ did not rule on this request, but instead issued the decision finding Plaintiff not disabled.

Plaintiff did not submit any additional medical evidence to the Appeals Council or to this Court, but argues that the ALJ should have granted the extension request and/or held a supplemental hearing. Dkt. 23 at 10-12. Because this case must be remanded on other grounds and Plaintiff will be provided another hearing and opportunity to submit evidence, the Court need not address this assignment of error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's brain tumor at steps two and three and explicitly discuss whether Plaintiff meets or equals Listings 13.02 and 13.13. The ALJ shall also explicitly address the lay statements, reconsider Plaintiff's mental allegations, and may reconsider any other portion of the decision as necessary.

Dated this 11th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge