UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHAEL B.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C20-5897-SKV

ORDER RE: MOTION FOR ATTORNEY FEES AND COSTS

Plaintiff filed a motion requesting $13,478.32 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), and $400 in costs under 28 U.S.C. § 2412(a)(1). Dkt. 31. The Commissioner acknowledges that Plaintiff is the prevailing party, but argues that Plaintiff's fee request is unreasonably high. Dkt. 35. As explained below, the Court finds that a reduction is warranted, and thereby GRANTS IN PART and DENIES IN PART the motion. Dkt. 31.

**DISCUSSION**

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The parties do not dispute that Plaintiff is the prevailing party here, and there are no special circumstances that would make an award unjust.  As noted above, the parties do dispute, however, whether the amount of fees requested by Plaintiff is reasonable.  The Court may award EAJA fees for attorney hours *reasonably* expended by plaintiff's counsel.  28 U.S.C. § 2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award.  *Id*. at 434.  The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable.  *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]"  *Hensley*, 461 U.S. at 437.  However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner here challenges the reasonableness of the fees, contending that some of the time expended was excessive.  The Commissioner seeks a reduction in the requested fees of at least 10 percent on these grounds.  Dkt. 35 at 2-6.  For the following reasons, the Court agrees that a reduction is warranted.

First, the Court finds that counsel's time expended prior to the filing of the opening brief was excessive.  Counsel had expended 52.88 hours reviewing the record, researching,

communicating with Plaintiff, and drafting by the date the opening brief was filed. Dkt. 31-2 at 1-2. Even accounting for the 20 percent voluntary across-the-board reduction counsel provided, Dkt. 31 at 4, that number is only reduced to 42.3 hours. The Court has no reason to doubt that counsel expended that time, but the Court is not persuaded that all of this time was reasonably necessary. *See, e.g.*, *Yong v. Comm'r of Social Sec.*, 2021 WL 4244506, at *2 (W.D. Wash. Sep. 17, 2021) (collecting cases and finding that an average length of time to expend on an opening brief in this district is 17.9 hours, and average record is 1,534 pages long).

While the Court finds comparison to other cases informative in assessing the reasonableness of fee requests, the Court also focuses on the facts and specifics of the case at hand. The record in this case is less than average length at 1,035 pages, Plaintiff did not raise particularly novel challenges to the ALJ's decision, and the Court's decision notes various ways in which Plaintiff's briefing failed to fully address or challenge disputed aspects of the ALJ's decision. *See* Dkt. 28 at 5 n.3, 6 n.4, 7, 8-9. The Court also notes that counsel is a seasoned attorney and former ALJ. *See* Dkt. 31-2 at 2, 36-1 at 3. All of these factors suggest that a reduction of some degree is warranted. Although the Commissioner requested a reduction of *at least* 10 percent, the Court is also mindful of the fact that counsel filed responses to Defendant's third and fourth motions to extend time, and that Plaintiff's medical issues required more communication time than is typical.[1] Under the totality of these circumstances, the Court finds that a 10 percent reduction of the hours expended through March 9, 2021, is warranted.[2] *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (explaining that a

---

[1] *See* Dkt. 26 at 2, 5.

[2] Through the date the opening brief was filed, counsel billed $9,170.32. *See* Dkt. 31-2 at 1-2. Counsel voluntarily reduced the overall bill 20% (Dkt. 31-2 at 3), and thus billed Plaintiff $7,336.26 for that period of time. The Court's additional 10% reduction of that amount totals $733.63.

ORDER RE: MOTION FOR ATTORNEY FEES
AND COSTS - 3

court's evaluation of fee reasonableness depends on "case-specific factors" such as "complexity of legal issues, the procedural history, the size of the record, and when counsel was retained").

Counsel also apparently expended excessive time preparing the reply brief, expending 22.76 hours (or 18.21, accounting for counsel's voluntary reduction) from the day the Commissioner's response was filed through the day the reply was filed. *See* Dkt. 31-2 at 2. Expending this number of hours is excessive for a reply brief: it is, as explained earlier, in excess of the average amount of time expended on an opening brief, and the reply brief filed in this case is not particularly complex. The Court finds that a 10 percent reduction for the hours billed between April 9 and April 20, 2021, is appropriate.[3]

The Court also finds that the 10 hours counsel expended for considering whether to appeal the Court's order reversing the ALJ's decision, but rejecting two of Plaintiff's five assignments of error, is unreasonably lengthy. *See* Dkt. 36 at 3; *see also Duong v. Astrue*, 2009 WL 890459, at *2 (N.D. Cal. Apr. 1, 2009) (finding that counsel reasonably expended 1.6 hours expended considering whether to appeal a Social Security decision). The Court finds that under the totality of circumstances presented in this case, expending four hours for this task is reasonable, and thus reduces Plaintiff's fee award by the equivalent of six attorney hours.[4] *See* Dkt. 36 at 3.

//

//

---

[3] The amount billed during this time period is $3,737.50, and counsel voluntarily reduced that amount to $2990. The Court's 10% reduction of that amount totals $299.

[4] Counsel explained that he expended 10 hours from June 11, 2021, onward, deciding whether to appeal the Court's order. Dkt. 31-2 at 2-3; Dkt. 36 at 3. Ten hours of attorney time would total $2,077.80, and counsel offered a voluntary 20% reduction, which would bring the total billed for that time to $1,662.24. The Court's further 60 percent reduction totals $997.34.

ORDER RE: MOTION FOR ATTORNEY FEES
AND COSTS - 4

**CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion, Dkt. 31, finding that a reduction of $2,029.97 in fees is appropriate.  Attorney fees of $11,448.35 and costs of $400 under EAJA are awarded to Plaintiff.  If this award is not subject to offset allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award should be made to Plaintiff's attorney, Michael Gilbert, PounceLaw, LLC; 4810 Point Fosdick Drive #412; Gig Harbor, WA 98335.

Dated this 19th day of October, 2021.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge